## Leake v. Highland Mutual Insurance Co.

*Marie Spina Altobelli,* for plaintiff.
*John Straka III,* for defendant.

WAGNER, *J.,* April 16, 1992—This matter is before the court on preliminary objections filed by the defendant, Highland Mutual Insurance Co., alleging that section 1797 of the Pennsylvania Motor Vehicle Financial Responsibility Law precludes the plaintiff's claim as the plaintiff did not challenge the results of a peer review within 30 days of the date of that action. Instead of challenging the peer review, the plaintiff filed a civil complaint to recover first-party benefits from his automobile insurance carrier, the defendant herein.

The issue raised by the preliminary objections is whether section 1797 of the Pennsylvania Motor Vehicle Financial Responsibility Law (75 Pa.C.S. §1797) re-

quires the challenger of a peer review determination to request reconsideration of that determination by the peer review agency prior to the judicial process.

The defendant would have us follow the decision of Judge William J. Martin in *Sullinger v. State Farm Mutual Automobile Insurance Co.,* 807 C.D. 1991, (Indiana County), wherein the court held that an insured is precluded from instituting direct court action once the insurer has begun the peer review process regardless of whether or not a reconsideration of the peer review was requested. We decline to do so.

Instead, we are persuaded that the decision of Judge Stanton R. Wettick of the Court of Common Pleas of Allegheny County in *Lehman v. State Farm,* 140 Pitts. Leg. J. 78 (1990), should be adopted and followed. Judge Wettick held that failure to request reconsideration of a peer review determination did not bar the insured from commencing suit for medical benefits under the provisions of an existing automobile insurance policy. Like Judge Wettick, we agree that the 1990 amendments to the Pennsylvania Motor Vehicle Financial Responsibility Law did not change or alter the original provisions of the 1984 law so as to remove the jurisdiction of the Court of Common Pleas over claims to enforce benefits of automobile insurance policies covering payments of medical benefits, even where those claims had been submitted to a peer review agency.

In accordance with the foregoing, we hereby make the following

## ORDER

And now, April 16, 1992, the preliminary objections of the defendant are hereby dismissed and denied.